OPINION OF THE COURT
Arnold Guy Fraiman, J.
This is a motion by the defendants, pursuant to CPLR 3211 (subd [a], par 7), to dismiss the first, second, fourth, fifth and seventh causes of action of the complaint on the ground that they fail to state a cause of action. Plaintiffs are the Holy Spirit Association for the Unification of World Christianity (the Unification Church) and its president, Neil Salonen. Defendants are the New York State Congress of Parents and Teachers, Inc. (the State PTA), some of its officers, and one Kelly, an alleged "deprogrammer”. The complaint is based upon a resolution (Resolution No. 17) proposed and passed by the State PTA at its annual convention on November 15, 1977. Briefly, the resolution in a series of "whereas” clauses recites that the State PTA seeks to safeguard children from threats of negative influence; that the Unification Church, referred to as "the cult of the Rev. Sun Myung Moon”, tries to pass itself off as a religion but actually aims to destroy school and family life; that it has been denied tax-exempt status by New York City because it is too political; and that the Reverend Moon exploits youths by having them work 18 hours a day and turn all their money over to him. It then resolves to inform parents of the true facts about the Unification Church, including its part in the alienation of youth from their families.
The complaint contains seven causes of action. The first alleges that the adoption of Resolution No. 17 by the State PTA violates section 1983 of title 42 of the United States Code. The second alleges that its adoption violates the New York State Constitution. The third sounds in libel. The fourth alleges that its adoption was a prima facie tort. The fifth alleges a violation of section 40-c of the New York Civil Rights Law. The sixth sounds in slander arising from oral statements allegedly made by one of the individual defendants in urging the adoption of Resolution No. 17. And the seventh alleges a violation of subdivision (3) of section 1985 of title 42 of the United States Code. As noted, the motion is addressed to each cause of action except the third and sixth which sound in libel and slander, respectively.
*551 Section 1983 of title 42 of the United States Code provides that every person who, under color of State law, subjects anyone to the deprivation of any right secured by the Constitution shall be liable to the party injured in an action at law. It is plaintiffs’ contention that any action taken by the State PTA constitutes action by the State within the meaning of section 1983 of title 42 of the United States Code and that Resolution No. 17 violates the constitutional right of the Unification Church to proselytize effectively and to attract new members. It has been held that section 1983 requires a showing of "state action” (see Civil Rights Cases, 109 US 3; Burton v Wilmington Parking Auth., 365 US 715), and the principal basis for defendants’ motion to dismiss this cause of action is that the activities of the State PTA are private and do not amount to "state action”. Plaintiffs, conceding that "state action” is required as a basis for a claim under section 1983, urge that the allegations in the complaint establish sufficient nexus between the adoption by the State PTA of Resolution No. 17 and the State for that act to be deemed "state action”. In support of this contention they rely upon the allegations in the complaint that local PTAs use public school time, staff and facilities for their activities; that teachers distribute PTA literature to children during school hours; that the schools make available to the local PTAs lists of students and their parents; that the principal of each school determines which PTA shall be "officially recognized” and the only PTAs achieving this status are those organized by the State PTA; and that the executive committee of each local PTA includes the principal of the school, ex officio.
Accepting these allegations as true, as the court must for the purposes of a motion to dismiss under CPLR 3211 (subd [a], par 7), the court finds that the adoption of Resolution No. 17 by the State PTA was not "state action” so as to be actionable under section 1983 of title 42 of the United States Code. The facts recited above, detailing the State PTA’s relationship with the school system, fail to disclose any nexus with the passage of the resolution. None are a basis for suggesting that the State either directly or indirectly was responsible for, or played any role whatever in, the adoption of Resolution No. 17 by the State PTA, which, it should be noted, was accomplished at a private resort hotel, and not on school property. And it is, incidentally, the adoption of the resolution, not its implementation, which is the deprivation complained of.
*552 While a precise definition of what constitutes "state action” is not possible, a review of the decided cases on this question indicates that even where there have been substantially more State contacts than those here present, the courts have held that no "state action” was involved. (See, e.g., Grafton v Brooklyn Law School, 478 F2d 1137; Lefcourt v Legal Aid Soc., 445 F2d 1150; Grossner v Trustees of Columbia Univ., 287 F Supp 535.) Even if the adoption of Resolution No. 17 were found to be "state action”, no cause of action would lie under section 1983 for the reasons discussed hereinafter in connection with the motion to dismiss the seventh cause of action. Accordingly, the motion to dismiss the first cause of action is granted.
 The second cause of action alleges that the adoption of Resolution No. 17 violates sections 3 and 11 of article I of the New York State Constitution, in that it inhibits members of the Unification Church from freely exercising their religion. Section 3 provides that the free exercise of religious profession and worship without discrimination, shall be forever allowed, and section 11 provides that no person shall be denied the equal protection of the laws of the State or subjected to any discrimination in his civil rights by any other person because of race, color, creed or religion. With respect to an alleged violation of section 3, the court finds as a matter of law that Resolution No. 17 does not interfere with the free exercise of religion by members of the Unification Church. To the extent that it may be critical of some of the church’s practices, such criticism must be balanced against the right of free speech and the right of the State PTA to speak out on public issues with which it is rightfully concerned. Nor does section 11 provide a basis for a claim here. The first part of this section, the equal protection clause, like section 1983 of title 42 of the United States Code, requires "state action” as a prerequisite to a claim (Dorsey v Stuyvesant Town Corp., 299 NY 512, 530) and as indicated, the court finds that the adoption of Resolution No. 17 did not involve "state action”. The second part deals with discrimination, and while this applies to actions by individuals and groups, the court concludes that the criticism leveled by the State PTA against the Unification Church as contained in Resolution No. 17, does not constitute the discrimination envisaged by section 11 of article I of the New York State Constitution. No religious group is above criticism so long as the criticism is limited to words and does not take *553 the form of acts which deny to members of the religious group, merely because of their religion, rights and privileges afforded others. As thus defined, the adoption of the resolution is not an act of discrimination. Accordingly, the second cause of action is also dismissed.
The fourth cause of action alleges a prima facie tort, in that it is alleged that Resolution No. 17 was adopted willfully for the malicious purpose of destroying the Unification Church’s reputation, and to impair its normal growth by impeding the attraction of new members. Defendants urge that this cause of action should be dismissed because it is merely a restatement of the third cause of action which sounds in defamation. This contention is without merit. In an action for libel, truth is a defense, but a prima facie tort may be made out even if the statements made are truthful, if it can be shown that they were made solely out of malice and for no legitimate purpose. While plaintiffs in their third cause of action have alleged that Resolution No. 17 contained false statements, CPLR 3014 permits alternative pleading and the fourth cause of action may stand alongside the third.
The fifth cause of action alleges a violation of section 40-c of the New York Civil Rights Law in that it is alleged that by adopting Resolution No. 17 defendants have subjected plaintiffs to discrimination in their civil rights. Section 40-c is virtually identical to section 11 of article I of the State Constitution, and for the reasons noted above with respect to the second cause of action, the fifth cause of action must also be dismissed.
The seventh cause of action alleges a violation of subdivision (3) of section 1985 of title 42 of the United States Code, in that codefendant Kelly, an alleged "deprogrammer” of members of the Unification Church, is charged with conspiring with defendants for the purpose of depriving plaintiffs of the right to freely exercise their chosen religion. Subdivision (3) of section 1985 provides that if two or more persons conspire to deprive any person of the equal protection of the laws, or of equal privileges and immunities under the laws, the person so deprived may bring an action for damages against the conspirators. While there appears to be a split among the authorities as to whether "state action” is required as a prerequisite to a cause of action under this section, the predominant view, and that adopted by the Second Circuit, is that State action is not required. (Weise v Syracuse Univ., 522 F2d 397.) Nevertheless, *554 the adoption of Resolution No. 17, even if, as alleged, it was the product of a conspiracy between defendants and codefendant Kelly, does not constitute a violation of this section. A statement or, in this case, a resolution, concerning a particular religious group may properly be the basis for a defamation action, but without more, it is otherwise protected by the First Amendment’s guarantee of free speech, and merely because it is directed at a religious group and is invidious in nature does not provide a basis for an action under the Civil Rights Law. To constitute such a basis, the statement or resolution must be accompanied by some act which deprives the victim of a right protected by the Fourteenth Amendment. (Paul v Davis, 424 US 693.)
While a cause of action based upon a conspiracy to deprive someone of the equal protection of the laws does not require an allegation that such deprivation was in fact accomplished, it does require an allegation of overt acts committed in furtherance of the conspiracy. Here, the complaint is barren of such allegations. What is pleaded is that the adoption of the resolution was the result of a conspiracy to deprive plaintiffs of equal privileges under the law. But the passage of the resolution without more, as noted, is not actionable under the Civil Rights Law. It is only if it were implemented in some fashion so as to deprive plaintiffs of a constitutional right would a cause of action lie under the Civil Rights Law, and there is no allegation that it was ever implemented. For the foregoing reasons, the seventh cause of action is dismissed.
In addition to the motion by defendants, plaintiffs have cross-moved for a protective order vacating'the notice to take the deposition of the Reverend Moon, and limiting the notice to produce contained in the notice to depose plaintiff Salonen. The cross motion to vacate the notice to depose the Reverend Moon is granted. He is not a party to the action and is technically neither an officer, director or employee of the defendant Unification Church. More importantly, no showing has been made that defendant Salonen, or another witness produced by plaintiffs in response to the deposition notice, will not be able to testify fully concerning the relevant issues here involved. Should it appear at a future date that the deposition of the Reverend Moon is essential to defendants’ preparation of the case for trial, further application may be made to the court. With respect to the records sought by defendants in connection with the examination before trial of defendant *555 Salonen, plaintiffs need not produce their financial records, or their records in connection with any applications for tax-exempt status by the City of New York. But the cross motion to vacate the demand for monthly records of membership in the church is granted only to the extent of limiting the production to records for the period sought reflecting the number of the church’s members each month, rather than the names of the members.